B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**PLAINTIFFS**

Abdul Ahmed, Robina Bashir

**DEFENDANTS**

Pejman V. Mehdizadeh

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Law Offices of Stanley H. Kimmel, Esq.,
10727 White Oak Ave., #202, Granada
Hills.

**ATTORNEYS** (If Known)
Edmond Nassirzadeh, Nass Law Firm, 9454
Wilshire Blvd., #711, Beverly Hills, CA
90212; (310) 858-7755

**PARTY** (Check One Box Only)
□ Debtor   □ U.S. Trustee/Bankruptcy Admin
☒ Creditor   □ Other
□ Trustee

**PARTY** (Check One Box Only)
☒ Debtor   □ U.S. Trustee/Bankruptcy Admin
□ Creditor   □ Other
□ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiffs' objecting to discharge pursuant to 11USC 423 (a) (2) (A)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief - imposition of stay
□ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY _____ RECEIVED NOV 17 2010

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 350,000.00 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Pejman V. Mehdizadeh | BANKRUPTCY CASE NO.<br>2:10 bk 36936-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE | NAME OF JUDGE<br>Ernest Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Abdul Ahmed, Robina Bashir | DEFENDANT<br>Pejman V. Mehdizadeh | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Superior Court of California, Los Angeles | DIVISION OFFICE | NAME OF JUDGE<br>Ramona See |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>November 16,2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stanley H. Kimmel | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re:                                          CASE NO. 2:10 bk 36936-ER
Pejman V. Mehdizadeh,                                    CHAPTER 7
Debtor.

```
┌─────────────────────────────────────┐
│            FILED                     │
│                                      │
│          NOV 17 2010                 │
│                                      │
│   CLERK U.S. BANKRUPTCY COURT        │
│   CENTRAL DISTRICT OF CALIFORNIA     │
│   BY              Deputy Clerk       │
└─────────────────────────────────────┘
```

Abdul Ahmed, Robina Bashir
     Plaintiffs,

     v.

Pejman V. Mehdizadeh,
     Defendant.                         ADV. NO.
                                        ADVERSARY COMPLAINT OBJECTING
                                        TO DISCHARGE
                                        PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

     Plaintiffs Abdul Ahmed, Robina Bashir, (Plaintiffs) sues Defendant, Pejman V.

Mehdizadeh (the "Debtor"), and states:

## GENERAL ALLEGATIONS

1.     This is an adversary proceeding brought by Plaintiffs objecting to discharge pursuant

11USC 523 (a) (2) (A) for money, property, services, or an extension, renewal, or refinancing of

credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than

a statement respecting the debtor's or an insider's financial condition.

2.     This is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and

1334, and Federal Rule of Bankruptcy Procedure 7001.

3.     The Debtor filed a voluntary petition under Chapter 7 on June 30, 2010, (the "Petition

Date").

4.     Plaintiffs are unsecured creditors of the Debtor and are owed at least $350,000.00 as of

the Petition Date.

Page 1

5.    No notice of 341(a) hearing has been given to Plaintiffs. This Objection to discharge is timely under Rule 4004 and Rule 2002.

6.    On or about August 19, 2009, Plaintiff **AHMED** and **PEJMAN V. MEHDIZADEH**, for himself, and doing business as Client Management Services, and for **CSM INC**, entered into a written contract to provide assistance to Plaintiff **AHMED** to relocate a **PRE-MORATORIUM BUSINESS LICENSE** for a **MMD** in the City of Los Angeles; and to assist Plaintiff **AHMED** in filing required paperwork within the City of Los Angeles regarding the operation of said **MMD** (the "MMD RELOCATION CONTRACT").

7.    As a result of the facts alleged in Exhibit 1, **AHMED** has been damaged in the sum of Fifty Thousand ($50,000.00) dollars, plus interest at the legal rate from August 6, 2009.

8.    On or about August 19, 2009, Plaintiffs and **PEJMAN V. MEHDIZADEH, for himself,** and on behalf of his partner, PARVIZ MEHDIZADEH, entered into an oral agreement for the purchase and sale of a MMD located at 4906 Melrose Avenue, Los Angeles, CA 90029, (the "MQPR PURCHASE AGREEMENT").

9.    Defendants and each of them have gained the sum of Three Hundred Thousand ($300,000.00) Dollars by fraud and mistake within the meaning of *California Civil Code* §2224,

10.    Plaintiffs filed an action in the Superior Court of the State of California County of Los Angeles on April 30, 2010, claiming breach and damages. A right to attach Order was granted on July 1, 2010. A true and correct copy of said Complaint is attached hereto as **Exhibit 1** to this Complaint. A prejudgment writ of attachment has been issued by the Superior Court, showing Plaintiffs have a likelihood of success on the merits of their claims. No funds have yet been attached. A true and correct copy of the prejudgment writ is attached hereto as **Exhibit 2** to this Complaint.

11.      19. 11 U.S.C. § 523(a)(2)(A) provides:

(a)      A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt

. . .

(2)      for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A)      false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

12.      Here, the actions of **PEJMAN V. MEHDIZADEH** fall within the scope of 11 U.S.C. § 523(a)(2)(A). Specifically, the debt owed by **PEJMAN V. MEHDIZADEH** results from a debt for money and services obtained by false pretenses, false representations, and actual fraud.

13.      In addition, Parviz Mehdizadeh and PejmanV. Mehdizadeh deposited $350,000.00 received from Plaintiffs into the account of **SNIPERELLA INVESTMENTS, INC**. for the purpose of hindering, delaying and defrauding Plaintiffs and to secret said funds from process.

14.      As a direct and proximate result of the fraudulent misrepresentations by **PEJMAN V. MEHDIZADEH**, Plaintiffs have suffered damages totaling at least $350,000.00 as of the Petition Date.

15.      The debt at issue was obtained in violation of 11 U.S.C. § 523(a)(2)(A) and should be excepted from discharge.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment excepting from discharge the Debt owed to said Plaintiffs by Debtor and granting such other and further relief as this Court deems just and equitable.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Central District of California and I am in compliance with the additional qualifications to

///

practice in this court set forth in Local Rule 2090-1(A).

Dated: November 16, 2010

Law Offices of Stanley H. Kimmel
Stanley H. Kimmel, Esq., P.C.

By _____

Stanley H. Kimmel, Esq., Attorney for Abdul
Ahmed, Robina Bashir, Plaintiffs

M:\Data\Ahmed, Abdul\re MPQR purchase\Bkcy Pejman Mehdizadeh\Adv Complaint Object to Discharge.wpd

Page 4

Exhibit 1

1    Stanley H. Kimmel, Esq., SBN 077007
     Stanley H. Kimmel, Esq, P.C.
2    Law Offices of Stanley H. Kimmel
     10727 White Oak Avenue, Suite 202
3    Granada Hills, California 91344
     (818) 832-5700
4
     Attorney for Plaintiffs AHMED and BASHIR
5



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 3 0 2010

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

6

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

11   ABDUL ALA AHMED and ROBINA BASHIR    CASE NUMBER:

12          Plaintiffs,                   BC 438823

13          vs.                           PLAINTIFFS' COMPLAINT FOR

14   1.   PEJMAN MEHDIZADEH, aka P.        1.   MONEY HAD AND RECEIVED RE
          VINCENT MEHDIZADEH, aka              RCC PURCHASE AGREEMENT;
15        VINCENT MEHDIZADEH, aka              AND
          VINCENT P. MEHDIZADEH, aka      2.   BREACH OF CONTRACT RE MDD
16        VINCENT PEJMAN MEHDIZADEH,           RELOCATION AGREEMENT; AND
          aka VINCE ZADEH, aka VINCENT    3.   RESCISSION ETC.: RE MMD
17        MEHDIZADEH, J.D., each individually   RELOCATION AGREEMENT, AND
          and doing business as Client     4.   MONEY HAD AND RECEIVED RE
18        Management Services, and             MMD RELOCATION AGREEMENT;
     2.   PARVIZ MEHDIZADEH                     AND
19   3.   CLIENT MANAGEMENT SERVICES,     5.   BREACH OF CONTRACT RE MQPR
          INC, A CALIFORNIA                    PURCHASE AGREEMENT; AND
20        CORPORATION,                    6.   RESCISSION RESTITUTION AND
     4.   SNIPERELLA INVESTMENTS INC, A        DAMAGES RE MQPR PURCHASE
21        CALIFORNIA CORPORATION              AGREEMENT; AND
     5.   SUSAN NICKELL                   7.   MONEY HAD AND RECEIVED RE
22                                             MMD RELOCATION AGREEMENT;
          AND DOES 1 through 100, inclusive,   AND
23                                        8.   FRAUD AND DAMAGES – RE MQPR
          Defendants.                          PURCHASE AGREEMENT
24

25

26          Plaintiffs allege:

27   1.     Plaintiff ABDUL ALA AHMED (hereafter AHMED) is, and at all times mentioned in this

28   Complaint was, a resident of Los Angeles County, California.

     2.     Plaintiff ROBINA BASHIR is, and at all times mentioned in this Complaint was, a resident of

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

1  the Province of Ontario, Canada.

2  3.      Defendant VINCENT MEHDIZADEH (hereafter **VINCENT**) is, and at all times mentioned in

3  this complaint was, a resident of Los Angeles County, California. **VINCENT** does business as "Client

4  Management Services."

5  4.      Defendant PARVIZ MEHDIZADEH (hereafter **PARVIZ**) is, and at all times mentioned in this

6  complaint was, a resident of Los Angeles County, California.

7  5.      Defendants **PARVIZ** and **VINCENT** were, at all times herein relevant, partners in the operation

8  and sale of the medical marijuana dispensary (hereafter **MMD**) known as "Melrose Quality Pain

9  Relief" (hereafter **MQPR**).

10  6.      Plaintiffs allege on information and belief that Defendant CLIENT MANAGEMENT

11  SERVICES, INC, A CALIFORNIA CORPORATION (hereafter **CMS, INC.**) is, and at all times

12  mentioned in this complaint was, a California Corporation with its principal place of business located in

13  Los Angeles County, California. **CMS, INC** was incorporated by **VINCENT** on February 18, 2008.

14  On information and belief, **VINCENT** is the only officer of **CMS, INC** and the only director of **CMS,**

15  **INC.**, and no Notice of Issuance of Shares by **CMS, INC** had been filed with the California Department

16  of Corporations at the time of the filing of this Complaint. **VINCENT** uses **CMS, INC.** as an alter ego.

17  7.      Plaintiffs allege on information and belief that Defendant SNIPERELLA INVESTMENTS INC.,

18  A CALIFORNIA CORPORATION (hereafter **SNIPERELLA**) is, and at all times mentioned in this

19  complaint was, a California Corporation with its principal place of business located in Los Angeles

20  County, California. **VINCENT** uses **SNIPERELLA** as an alter ego.

21  8.      Plaintiffs allege on information and belief, SUSAN NICKELL is a resident of the County of Los

22  Angeles.

23  9.      Plaintiffs are informed and believes and on that basis allege, that at all times mentioned in this

24  complaint, defendants and each of them were the agents and employees of their co-defendants, and in

25  doing the things alleged in this complaint were acting within the course and scope of that agency and

26  employment.

27  10.     Plaintiffs do not know the true names and capacities of defendants sued herein as DOES 1

28  through 100, inclusive, and therefore sue these defendants by fictitious names. Plaintiff is informed and

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

1  believes and thereon alleges that each of the fictitiously named defendants is liable to Plaintiffs as

2  alleged herein.  Plaintiffs will amend this Complaint to state the true names and capacities of said

3  fictitiously named Defendants when the same have been ascertained.

### ALTER EGO ALLEGATIONS

5  11.     Plaintiffs are informed and believe and thereon allege that **CMS, INC**, and **SNIPERELLA**

6  were used by **VINCENT** interchangeably with each other, and also interchangeably with their personal

7  identities.

8  12.     Plaintiffs are further informed and believe and based thereon allege

9         a.     that there is a common ownership or control between **VINCENT**, and **CMS, INC**, and

10        b.     that there is a common ownership or control between **VINCENT**, and **SNIPERELLA**

11               and that

12        c.     **VINCENT** controls **CMS, INC** and **SNIPERELLA**, and is an officer, managing

13               member, director, and/or equitable owner of **CMS, INC**, and **SNIPERELLA** and

14        d.     that **CMS, INC**, and **SNIPERELLA** were and are so controlled by **VINCENT** that the

15               monies of **VINCENT** are commingled and intermingled with monies of **CMS, INC**, and

16               **SNIPERELLA** and that there is a unity of interest and ownership between **VINCENT**

17               and **CMS, INC**, and **SNIPERELLA**;

18        e.     that the credit of one is used for the credit of the other; that the obligations of **VINCENT**

19               and **CMS, INC.**, and  **SNIPERELLA** were paid by the other;

20        f.     that **CMS, INC.**, **SNIPERELLA** were organized and capitalized for a sum of money

21               insufficient to meet their reasonable requirements; and

22        g.     that **CMS, INC.**, and **SNIPERELLA**  were organized for the purpose of escaping

23               liability and contractual obligations; and

24        h.     that **VINCENT** used **CMS, INC.**, and **SNIPERELLA** as mere instrumentalities or

25               conduits for business; and

26        i.     that **VINCENT** concealed his personal business activities behind the shells of **CMS,**

27               **INC.**, and **SNIPERELLA**: and

28        j.     that **VINCENT** used **CMS, INC.**, and **SNIPERELLA** to procure contracts, labor,

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1    services or, merchandise for another entity or person; and

2    k.    that CMS, INC., and SNIPERELLA diverted assets to and from VINCENT or to other

3    persons or entities including, without limitation, one another, to the detriment of

4    creditors; and

5    l.    that VINCENT entered into contracts on behalf of CMS, INC., and SNIPERELLA,

6    that VINCENT failed to segregate funds of CMS, INC., and SNIPERELLA, that

7    VINCENT made unauthorized diversions of funds of CMS, INC., and SNIPERELLA,

8    or other assets to other company uses; and

9    m.    that VINCENT treated the assets of CMS, INC., and SNIPERELLA as his own; and

10    n.    that VINCENT held out that he were personally liable to perform services for which he

11    diverted payments to CMS, INC., and SNIPERELLA; and

12    o.    that CMS, INC., and  SNIPERELLA failed to maintain adequate company records or

13    confused the records of CMS, INC., and SNIPERELLA,  and

14    p.    that, as a result of the foregoing, VINCENT and CMS, INC., and SNIPERELLA were

15    the instrumentalities, conduits, adjuncts and alter egos of each other; and

16    q.    that VINCENT managed CMS, INC., and SNIPERELLA to avoid personal liability

17    and to defraud creditors; and

18    r.    that unless the fiction of the separateness of VINCENT and CMS, INC., and

19    SNIPERELLA is ignored, great injustice will result and fraud will be sanctioned, all to

20    the irreparable damage and injury of Plaintiff, which will affect Plaintiff' ability to

21    recover damages and enforce any recovery awarded herein.

22    **GENERAL FACTUAL ALLEGATIONS**

23    **A.    THE ROSCOE COMPASSIONATE COLLECTIVE PURCHASE AGREEMENT**

24    13.    On or about July 27, 2009, VINCENT, claiming to be a broker and the agent of the owner

25    authorized to sell the business,  advertised the sale of an MMD in a computer service known as BizBen,

26    as a business opportunity. AHMED responded to the advertisement.

27    14.    On and before August 6, 2009, VINCENT represented to AHMED that he was a real estate

28    broker authorized to sell a MMD identified as Roscoe Compassionate Collective (RCC).

PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES

15.     On and before August 6, 2009, **VINCENT** represented to **AHMED** that he was an attorney and the legal representative of the owner of RCC for the purposes of sale.

16.     On August 6, 2009, **VINCENT** signed a Purchase Agreement (hereafter the "**RCC PURCHASE AGREEMENT**") as authorized agent of Susan Nickell, who he represented was the owner of RCC, and delivered it to **AHMED**. A true and correct copy of said contract is attached hereto and incorporated herein as **Exhibit 1** to this Complaint.

17.     The **RCC PURCHASE AGREEMENT** required a down payment of $50,000.00 upon execution.

18.     On or about 8/6/09, **VINCENT** requested **AHMED** provide the down payment as a deposit to use to open escrow, and that funds for the deposit be delivered to **VINCENT** in the form of as a cashiers check payable to "Vincent Mehdizadeh."

19.     On or about August 6, 2009, Plaintiff delivered a cashier's check in the sum of $50,000.00 as a deposit for the purchase of RCC, payable to "Vincent Mehdizadeh," which check was received by **VINCENT** on August 6, 2009.

20.     No escrow papers were furnished for **AHMED**'s review by **VINCENT**, notwithstanding **AHMED**'s request for same.

21.     In fact, no escrow for the purchase and sale of **RCC** was opened.

22.     On information and belief, based on publically available records of the California Department of Corporations, **SNIPERELLA** is not a licensed a escrow company.

23.     **RCC** was not sold to **AHMED**.

24.     On information and belief, the based on publically available records of the California Department of Real Estate, **VINCENT** is not listed as a real estate broker nor is **VINCENT** listed as a real estate salesperson.

25.     On information and belief, based on publically available records of the State Bar of California, **VINCENT** is not listed as a person licensed to practice law in California.

26.     On information and belief, on August 6, 2009, **VINCENT** himself deposited the check for $50,000.00 into a bank account owned by **SNIPERELLA**.

27.     On August 12, 2009, **VINCENT** informed **AHMED** that SUSAN NICKELL had sold **RCC** to

Granada Hills, California 91344
Phone (818) 832-5700

1  another party.

2  28.     On or about August 12, 2009, **VINCENT** cancelled the **RCC PURCHASE AGREEMENT**,

3  but retained the $50,000.00 deposit.

4  29.     Thereafter, **VINCENT** informed **AHMED** that he would not return the funds, and instead

5  insisted that **AHMED** enter into two additional agreements with **VINCENT**.

6      a.      The first additional agreement was that **AHMED** agree to pay **VINCENT** Fifty

7              Thousand ($50,000.00) dollars in advance for services to be rendered by **VINCENT**, to

8              relocate a **PRE-MORATORIUM BUSINESS LICENSE** for a **MMD** and to assist

9              Plaintiff **AHMED** in filing required paperwork with the City of Los Angeles regarding

10             the operation of said **MMD**. The term "**PRE-MORATORIUM BUSINESS**

11             **LICENSE**" signifies a business license issued by the City of Los Angeles prior to

12             November 13, 2007, a cut off date specified in the "Medical Marijuana Interim Control

13             Ordinance" (**ICO**), City of Los Angeles, Ordinance number 179,027.

14     b.      The second additional agreement was for the purchase of an operating **MMD**, identified

15             as **MQPR**).

16  **B.     THE MEDICAL MARIJUANA DISPENSARY RELOCATION CONTRACT**

17  30.     On or about August 19, 2009, Plaintiff **AHMED** and **VINCENT**, for himself, and doing

18  business as Client Management Services, and for **CSM INC**, entered into a written contract to provide

19  assistance to Plaintiff **AHMED** to relocate a **PRE-MORATORIUM BUSINESS LICENSE** for a

20  **MMD** in the City of Los Angeles; and to assist Plaintiff **AHMED** in filing required paperwork within

21  the City of Los Angeles regarding the operation of said **MMD** (the "**MMD RELOCATION**

22  **CONTRACT**"). A true and correct copy of the **MMD RELOCATION CONTRACT** is attached

23  hereto and incorporated herein as **Exhibit 2** to this Complaint.

24  31.     The receipt of Fifty Thousand ($50,000.00) dollars was acknowledged in writing by **VINCENT**

25  for himself and for **CMS, INC.**, by receipt dated August 20, 2009. The receipt was not delivered to

26  **AHMED** until on or about September 8, 2009. Notwithstanding the dates of the **MMD**

27  **RELOCATION CONTRACT** and receipt, the funds acknowledged were the initial Fifty Thousand

28  ($50,000.00) dollar escrow deposit for the purchase of **RCC** received by **VINCENT** on August 6, 2009.

PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES

1 | A true and correct copy of said receipt is attached hereto and incorporated herein as **Exhibit 3** to this

2 | Complaint.

3 |       <u>C.</u>     <u>THE MELROSE QUALITY PAIN RELIEF PURCHASE AGREEMENT</u>

4 | 32.    On or about August 19, 2009, Plaintiffs and **VINCENT**, for himself, and on behalf of his

5 | partner, **PARVIZ**, entered into an oral agreement for the purchase and sale of a MMD located at 4906

6 | Melrose Avenue, Los Angeles, CA 90029, (the **"MQPR PURCHASE AGREEMENT"**).

7 | 33.    On or about August 19, 2009, **VINCENT** prepared a writing for the sale of **MQPR**. The

8 | writing omits **PARVIZ** as a seller. A true and correct copy of the executed **MQPR PURCHASE**

9 | **AGREEMENT** is attached hereto and incorporated herein as **Exhibit 4** to this Complaint.

10 | 34.    **VINCENT** and **PARVIZ** warranted **AHMED** and **BASHIR** that **MQPR** was registered prior to

11 | November 13, 2007 with the City of Los Angeles, and was in full compliance with the **ICO**, and was on

12 | the list of 186 **MMDs** registered before November 13, 2007, maintained by the City of Los Angeles

13 | Planning Department, and that **VINCENT** was authorized to convey title to the operating assets of

14 | **MQPR** without further consent or authorization.

15 | 35.    On August 20, 2009, **VINCENT** acknowledged receipt of One Hundred and Fifty Thousand

16 | ($150,000.00) dollars, for himself and for **CMS, INC.** The funds were deposited by **VINCENT** into

17 | the account of **SNIPERELLA**.

18 | 36.    The receipt was not delivered to **AHMED** until on or about September 8, 2009. A true and

19 | correct copy of said receipt is attached hereto and incorporated herein as **Exhibit 5** to this Complaint.

20 | 37.    On or about August 24, 2009, **AHMED** delivered cashier's checks in the additional sum of One

21 | Hundred and Fifty Thousand ($150,000.00) dollars to **VINCENT**. The funds were deposited by

22 | **VINCENT** into the account of **SNIPERELLA**.

23 |                      **FIRST CAUSE OF ACTION**

24 | **COMMON COUNT FOR MONEY HAD AND RECEIVED - RCC PURCHASE AGREEMENT**

25 | **BY AHMED AGAINST VINCENT, SUSAN NICKELL, AND SNIPERELLA, AND DOES 1-100**

26 | 38.    Plaintiff **AHMED** incorporates by reference each of the allegations of paragraphs 1 through 37

27 | of this Complaint as though set forth in full herein.

28 | 39.    On or about August 6, 2009, **VINCENT, SUSAN NICKELL,** and **SNIPERELLA** became

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

7

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1  indebted to **AHMED** in the sum of Fifty Thousand ($50,000.00) dollars for money had and received by

2  Defendants and each of them for the use of Plaintiff, as a deposit for the sale of **RCC** to **AHMED**.

3  40.    On or about August 10, 2009, **SUSAN NICKELL** sold RCC to a 3rd party; which sale acted to

4  repudiate and abandon her contract to sell **RCC** to **AHMED**.

5  41.    On or about August 12, 2009, **VINCENT** cancelled the **RCC PURCHASE AGREEMENT**.

6  42.    **VINCENT, SUSAN NICKELL**, and **SNIPERELLA** hold the $50,000.00 subject to a quasi

7  contractual obligation, implied in law, to returned said $50,000.00 to **AHMED**.

8  43.    **VINCENT, SUSAN NICKELL**, and **SNIPERELLA** hold the $50,000.00 subject to a

9  constructive trust, implied in law, to returned said $50,000.00 to **AHMED**.

10  44.    On September 8, 2009, **AHMED** demanded the return of said $50,000.00.

11  45.    Despite said demand, the sum of $50,000.00 has not been returned to **AHMED**.

12  46.    Defendants and each of them have retained the sum of Fifty Thousand ($50,000.00) Dollars

13  unjustly, and are unjustly enriched by the retention of said sum, within the meaning of *California Civil*

14  *Code* §2224, and Plaintiffs seek the additional remedy of imposing a constructive trust on the property

15  of Defendants and each of them, pursuant to *California Civil Code* §2224.

16  47.    The entire sum of Fifty Thousand ($50,000.00) dollars is due and unpaid from **VINCENT,**

17  **SUSAN NICKELL**, and **SNIPERELLA** to **AHMED**, plus prejudgment interest at the rate of ten

18  (10%) percent per annum from August 6, 2009.

19                                        **SECOND CAUSE OF ACTION**

20  **DAMAGES FOR BREACH OF WRITTEN CONTRACT - MMD RELOCATION CONTRACT**

21      **BY AHMED AGAINST VINCENT, INDIVIDUALLY AND DOING BUSINESS AS  CLIENT**

22                   **MANAGEMENT SERVICES, AND CMS, INC. AND DOES 1-100**

23  48.    Plaintiff **AHMED**  incorporates by reference each of the allegations contained in  paragraphs 1

24  through 37 of this Complaint as though set forth in full herein.

25  49.    The **MMD RELOCATION CONTRACT** states, in relevant part, that "in the event that

26  [defendants] cannot perform any of the conditions listed in this agreement, Client shall receive a full

27  refund of all fees paid."

28  50.    Relocation of an **MMD** license registered before November 13, 2007 with the City of Los

10727 White Oak. Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1  Angeles is barred by Los Angeles County Ordinance 181069.

2  51.    Neither **CMS** nor **VINCENT** have given **AHMED** a refund of all fees paid, as required by the

3  **MMD RELOCATION CONTRACT**.

4  52.    The **MMD RELOCATION CONTRACT** has not been performed by **VINCENT** or by **CMS,**

5  **INC.**

6  53.    On or about September 8, 2009, **AHMED** demanded a full refund of the advance deposit for

7  services to be rendered pursuant to the **MMD RELOCATION CONTRACT** .

8  54.    On or about September 8, 2009, **VINCENT**,  individually and doing business as Client

9  Management Services, and **CMS, INC.**,  failed and refused to provide **AHMED** a full refund after said

10  demand by **AHMED**.

11  55.    A full refund is now due, owing and unpaid from **VINCENT**,  individually and doing business

12  as Client Management Services, and **CMS, INC.** to **AHMED**.

13  56.    As a result of the facts alleged herein, **AHMED** has been damaged in the sum of Fifty Thousand

14  ($50,000.00) dollars, plus interest at the legal rate from August 6, 2009.

15  <div align="center">**THIRD CAUSE OF ACTION**</div>

16  <div align="center">**FOR RESCISSION / RESTITUTION / DAMAGES RE:   MMD RELOCATION CONTRACT**</div>

17  <div align="center">**BY AHMED AGAINST VINCENT, INDIVIDUALLY AND DOING BUSINESS AS  CLIENT**</div>

18  <div align="center">**MANAGEMENT SERVICES, AND CMS, INC. AND DOES 1-100.**</div>

19  57.    **AHMED** realleges and incorporates the allegations of paragraphs 1 through 37, above, as

20  though set forth in full herein.

21  58.    The consent of **AHMED** to the  **MMD RELOCATION CONTRACT** was given by mistake

22  resulting from the connivance of **VINCENT**, within the meaning of California Civil Code §1689(b) (1),

23  for the reasons alleged in paragraphs 13 to 37 of this Complaint, and because **VINCENT** advised

24  **AHMED** relocation was legal, and that said agreement was the only way **AHMED** could obtain value

25  for the $50,000.00 previously delivered to **VINCENT** as a deposit..

26  59.    The consent of **AHMED** to the  **MMD RELOCATION CONTRACT** was obtained through

27  fraud and duress exercised by **VINCENT**, within the meaning of California Civil Code §1689(b) (1),

28  for the reasons alleged in paragraphs 13 to 37 of this Complaint, and because **VINCENT** coerced

Granada Hills, California 91344
Phone (818) 832-5703

<div align="center">9</div>
<div align="center">**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**</div>

1   AHMED by withholding Fifty Thousand ($50,000.00) dollars of AHMED'S funds.

2   60.     The consideration for the obligations of AHMED under the MMD RELOCATION

3   CONTRACT fails, in whole or in part, through the fault of VINCENT, withing the meaning of

4   *California Civil Code* §1689(b) (2), for the reasons alleged in paragraphs 13 to 37 of this Complaint,

5   and because the relocation of a MMD is barred by City of Los Angeles Ordinances 179,027 and

6   181,069.

7   61.     The consideration for the obligation of AHMED under the MMD RELOCATION

8   CONTRACT became entirely void, withing the meaning of California Civil Code §1689(b) (3), for the

9   reasons alleged in paragraphs 13 to 37 of this Complaint, and because under City of Los Angeles

10  Ordinance 181069, the license of a registered MMD "becomes null and void upon the relocation of the

11  collective to a different location." Ordinance 181069 was adopted by the City Council of the City of

12  Los Angeles on January 26, 2010. Plaintiffs are informed and believe and thereon allege the date of

13  implementation of the ordinance is on or about June 4, 2010.

14  62.     The consideration for the obligation of AHMED under the MMD RELOCATION

15  CONTRACT failed in a material respect from any cause, before it is rendered to him, within the

16  meaning of California Civil Code §1689(b) (4), for the reasons alleged in paragraphs 13 to 37 of this

17  Complaint, and because under City of Los Angeles Ordinance 181069, the license of a registered MMD

18  "becomes null and void upon the relocation of the collective to a different location."

19  63.     AHMED rescinded the MMD RELOCATION CONTRACT on the ground of mistake, fraud,

20  and failure of consideration, and demanded return of said funds, on September 8, 2009.

21  64.     The MMD RELOCATION CONTRACT has not been performed by VINCENT or by CMS,

22  INC.

23  65.     Notwithstanding AHMED's demand for the return of the sum of Fifty Thousand ($50,000.00)

24  dollars, Defendants and each of them have failed and refused to return said funds.

25  66.     As a result of this failure, AHMED has been damaged in the sum of Fifty Thousand

26  ($50,000.00) dollars, plus interest at the legal rate from August 6, 2009.

27  67.     Service of the summons and pleading in this action constitutes notice of rescission of the

28  contract between Plaintiff and Defendant and each of them, and an offer to restore benefits received, as

Granada Hills, California 91344
Phone (818) 832-5700

PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES

1    provided in §1691 of the *California Code of Civil Procedure.*

2    68.    Plaintiff seek an order declaring the **MMD RELOCATION CONTRACT** rescinded, and

3    rescission damages in a sum not less than $50,000.00, plus interest at the legal rate from August 6,

4    2009, to be shown in accordance with proof at the time of the trial of this matter.

5    69.    Defendants and each of them have retained the sum of Fifty Thousand ($50,000.00) Dollars

6    unjustly, and are unjustly enriched by the retention of said sum, within the meaning of *California Civil*

7    *Code* §2224, and Plaintiffs seek the additional remedy of imposing a constructive trust on the property

8    of Defendants and each of them, pursuant to *California Civil Code* §2224.

9                                **FOURTH CAUSE OF ACTION**

10    **COMMON COUNT FOR MONEY HAD AND RECEIVED - MMD RELOCATION**

11             **CONTRACT BY AHMED AGAINST VINCENT, INDIVIDUALLY AND**

12             **DOING BUSINESS AS  CLIENT MANAGEMENT SERVICES, SNIPERELLA**

13                **INVESTMENTS, INC, AND CMS, INC. AND DOES 1-100**

14    70.    Plaintiff **AHMED** incorporates by reference each of the allegations of paragraphs 1 through 37

15    of this Complaint as though set forth in full herein.

16    71.    On or about August 6, 2009, Defendants and each of them became indebted to **AHMED** in the

17    sum of Fifty Thousand ($50,000.00) dollars for money had and received by Defendants and each of

18    them as a deposit from **AHMED** for the purchase of **RCC**.

19    72.    On or about August 19, 2009, **VINCENT** and **CMS, INC.**, applied the **RCC** deposit to the

20    **MMD RELOCATION CONTRACT**, as an advance deposit for future services to relocate a **MMD**

21    with a **PRE-MORATORIUM BUSINESS LICENSE**.

22    73.    Relocation of an existing **MMD** license registered with the City of Los Angeles prior to

23    November 13, 2007 is barred by Los Angeles City Ordinance 181069.

24    74.    The **MMD RELOCATION CONTRACT** has been rescinded by **AHMED**.

25    75.    The **MMD RELOCATION CONTRACT** has not been performed by **VINCENT** or by **CMS,**

26    **INC.**

27    76.    **AHMED** demanded the return of the sum of Fifty Thousand ($50,000.00) dollars on September

28    8, 2009.

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1    77.    **VINCENT** refused to return the sum of Fifty Thousand ($50,000.00) dollars to **AHMED**.

2    78.    The sum of Fifty Thousand ($50,000.00) dollars, plus prejudgment interest at the legal rate

3    from August 6, 2009, is due owing and unpaid to **AHMED**.

4    79.    On information and belief, the sum of $50,000.00 is now held by **VINCENT, CMS, INC.,** or

5    **SNIPERELLA,** or by DOES 1-5.

6    80.    **VINCENT, CMS, INC., SNIPERELLA** and DOES 1-5 hold the $50,000.00 subject to a quasi

7    contractual obligation, implied in law, to return said $50,000.00 to **AHMED**.

8    81.    **VINCENT, CMS, INC., SNIPERELLA** and DOES 1-5 hold the $50,000.00 subject to a

9    constructive trust, implied in law, to return said $50,000.00 to **AHMED**.

10    82.    **AHMED** has been damaged in the sum of Fifty Thousand ($50,000.00) dollars, plus

11    prejudgment interest at the legal rate from August 6, 2009.

12                                        **FIFTH CAUSE OF ACTION**

13    **DAMAGES FOR BREACH OF CONTRACT - NO LESS THAN $300,000.00 RE MQPR**

14                                        **PURCHASE AGREEMENT**

15    **BY AHMED AND BASHIR AGAINST VINCENT, INDIVIDUALLY AND DOING BUSINESS**

16                **AS CLIENT MANAGEMENT SERVICES, CMS, INC., AND DOES 1-100.**

17    83.    Plaintiffs incorporate by reference each of the allegations contained in  paragraphs 1 through 37

18    of this Complaint as though set forth in full herein.

19    84.    Plaintiffs have at all times performed all of terms of the **MQPR PURCHASE AGREEMENT,**

20    in the manner specified by the contract on their part to be performed.

21    85.    Specifically, Plaintiffs delivered the sum of One Hundred and Fifty Thousand ($150,000.00)

22    Dollars on 8/20/09 payable to "Vincent Mehdizadeh," which was deposited by **VINCENT** to the

23    account of **SNIPERELLA,** and acknowledged received by **VINCENT** for himself and for **CMS, INC.,**

24    on August 20, 2009.

25    86.    Further, on August 24, 2009, Plaintiff delivered the additional sums of Fifty Thousand

26    ($50,000.00) Dollars and One Hundred Thousand ($100,000.00) Dollars by two additional cashier's

27    checks payable to "Vincent Mehdizadeh," which cashier's checks was received by **VINCENT** and

28    deposited by **VINCENT** to the account of **SNIPERELLA.**

PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES

Granada Hills, California 91344
Phone (818) 832-5700

87.    Defendants and each of them breached the **MQPR** Purchase Contract by failing to deliver to **AHMED** a **MMD** which was registered with the City of Los Angeles prior to November 13, 2007, and by failing to deliver a **MMD** which was on the City's list of **MMD**s registered prior to November 13, 2007, and because Defendants are unable to deliver title to the operating assets of **MQPR**..

88.    On March 25, 2010, the City of Los Angeles advised **AHMED** that **MQPR** is not on the list of 186 MMDs registered prior to November 13, 2007.

89.    **VINCENT** warranted the legal operation of **MQPR** generated an average operating profit of more than Thirty Thousand ($30,000.00) dollars for each of the 3 months prior to August 24, 2009.

90.    **VINCENT** warranted he was authorized without further consent or authorization to convey title to the operating assets of **MQPR**.

91.    **VINCENT** breached the **MQPR PURCHASE AGREEMENT** because **MQPR** was not registered pre-**ICO**, was not on the list of 186 **MMD**s registered prior to November 13, 2007, and because **VINCENT** did not deliver good title to **MQPR** and its operating assets.

92.    As a result of the breaches alleged herein, plaintiffs have been damaged in a sum which has not yet been ascertained, but which is no less than Three Hundred Thousand ($300,000.00) dollars, plus an additional Thirty Thousand ($30,000) dollars per month from August 24, 2009, for each month commencing August 24, 2009, plus interest at the rate of ten (10%).  Plaintiff will state said damages in accordance with proof at the time of trial.

93.    Defendants and each of them have gained the sum of Three Hundred Thousand ($300,000.00) Dollars by fraud and mistake within the meaning of *California Civil Code* §2224, and Plaintiffs seek the additional remedy of imposing a constructive trust on the property of Defendants and each of them, pursuant to *California Civil Code* §2224.

## SIXTH CAUSE OF ACTION

### FOR RESCISSION / RESTITUTION / DAMAGES - MQPR PURCHASE AGREEMENT BY AHMED AND BASHIR  AGAINST VINCENT, INDIVIDUALLY AND DOING BUSINESS AS CLIENT MANAGEMENT SERVICES, PARVIZ, AND CMS, INC., AND DOES 1-100.

94.    Plaintiffs incorporate by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint as though set forth in full herein.

Granada Hills, California 91344
Phone (818) 832-5700

95.     The consent of **AHMED** and **BASHIR** to the **MQPR PURCHASE AGREEMENT** was given by mistake resulting from the connivance of **VINCENT**, within the meaning of *California Civil Code* §1689(b) (1), for the reasons alleged in paragraphs 13 to 38 of this Complaint, and because **VINCENT** advised **AHMED** relocation was legal, and because **VINCENT** warranted he was authorized to deliver title to the operating assets of **MQPR** without further authorization or consent.

96.     The consent of **AHMED** and **BASHIR** to the Purchase Agreement of August 19, 2009 was obtained through fraud exercised by **VINCENT**, for the reasons alleged in paragraphs 13 to 38 of this Complaint, and because **VINCENT** coerced **AHMED** by withholding Fifty Thousand ($50,000.00) dollars of **AHMED'S** funds and because **VINCENT** warranted he was authorized to deliver title to the operating assets of **MQPR** without further authorization or consent.

97.     The consideration for the obligations of **AHMED** and **BASHIR** under the **MQPR PURCHASE AGREEMENT** fails, in whole or in part, through the fault of **VINCENT**, withing the meaning of *California Civil Code* §1689(b) (2), for the reasons alleged in paragraphs 13 to 38 of this Complaint, and because the relocation of a **MMD** registered before November 13, 2007 is illegal and because **VINCENT** is not authorized to deliver title to the operating assets of **MQPR** without further authorization or consent under *California Corporations Code* § 5913.

98.     The consideration for the obligation of **AHMED** and **BASHIR** under the **MQPR PURCHASE AGREEMENT** became entirely void, withing the meaning of *California Civil Code* §1689(b) (3), for the reasons alleged in paragraphs 13 to 38 of this Complaint, and because under City of Los Angeles Ordinance 181069, the license of a registered MMD "becomes null and void upon the relocation of the collective to a different location," and because **VINCENT** is not authorized to deliver title to the operating assets of **MQPR** without further authorization or consent under *California Corporations Code* § 5913.

99.     The consideration for the obligation of **AHMED** and **BASHIR** under the **MQPR PURCHASE AGREEMENT** failed in a material respect from any cause, before it is rendered to them, within the meaning of *California Civil Code* §1689(b) (4), for the reasons alleged in paragraphs 13 to 38 of this Complaint, and because under City of Los Angeles Ordinance 181069, the license of a registered MMD "becomes null and void upon the relocation of the collective to a different location," and because

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5703

14
**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1  **VINCENT** is not authorized to deliver title to the operating assets of **MQPR** without further

2  authorization or consent under *California Corporations Code* § 5913.

3  100.   There has been a material failure in the consideration received by Plaintiffs, in that the **MQPR**

4  was not, at the time of sale, registered with the City of Los Angeles and was not, at the time of sale, on

5  the City's list of 186 registered MMDs, and Plaintiffs are entitled to rescind on that ground under *Civil*

6  *Code* § 1688 *et. seq.*, for the reasons alleged in paragraphs 13 to 38 of this Complaint, and because

7  under City of Los Angeles Ordinance 181069, the license of a registered MMD "becomes null and void

8  upon the relocation of the collective to a different location," and because **VINCENT** is not authorized

9  to deliver title to the operating assets of **MQPR** without further authorization or consent under

10  *California Corporations Code* § 5913.

11  101.   Plaintiffs demanded the return of the sum of Three Hundred Thousand ($300,000.00) dollars, on

12  or about September 10, 2009.

13  102.   Notwithstanding Plaintiffs' demand for the return of the sum of Three Hundred Thousand

14  ($300,000.00) dollars, Defendants and each of them have failed and refused to return said funds.

15  103.   As a result of this failure, Plaintiffs have been damaged in the sum of Three Hundred Thousand

16  ($300,000.00) dollars.

17  104.   Service of the summons and pleading in this action constitutes notice of rescission of the

18  contract between Plaintiffs and Defendants and each of them, and an offer to restore benefits received,

19  as provided in §1691 of the *California Code of Civil Procedure*.

20  105.   Plaintiff seek an order declaring the **MQPR PURCHASE AGREEMENT** rescinded, and

21  rescission damages in a sum not less than $300,000.00, plus interest at the legal rate from August 6,

22  2009, plus consequential damages to which they are entitled per Civil Code §1692, to be shown in

23  accordance with proof at the time of the trial of this matter.

24  106.   Defendants and each of them have gained the sum of Three Hundred Thousand ($300,000.00)

25  Dollars by fraud and mistake within the meaning of *California Civil Code* §2224, and Plaintiffs seek the

26  additional remedy of imposing a constructive trust on the property of Defendants and each of them,

27  pursuant to *California Civil Code* §2224.

28  ///

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

1

2

3

4

5

## SEVENTH CAUSE OF ACTION

## COMMON COUNT FOR MONEY HAD AND RECEIVED - $300,000.00

## BY AHMED AND BASHIR AGAINST VINCENT, INDIVIDUALLY AND DOING BUSINESS

## AS CLIENT MANAGEMENT SERVICES, CMS, INC.., PARVIZ, AND SNIPERELLA, AND

## DOES 1-100.

6   107.    Plaintiffs incorporates by reference each of the allegations contained in paragraphs 1 through

7   37 of this Complaint as though set forth in full herein.

8   108.    On or about August 6, 2009, Defendants and each of them became indebted to **AHMED** in the

9   sum of Three Hundred Thousand ($300,000.00) dollars for money had and received by Defendants and

10  each of them for the purchase of a pre **ICO MMD**.

11  109.    The **MQPR PURCHASE AGREEMENT** has been rescinded by **AHMED**.

12  110.    The **MQPR PURCHASE AGREEMENT** has been breached by **VINCENT, CMS, INC.,**

13  **PARVIZ, SNIPERELLA**, and **DOES 1-100**.

14  111.    **AHMED** demanded the return of the sum of Three Hundred Thousand ($300,000.00) dollars on

15  September 8, 2009.

16  112.    **VINCENT, CMS, INC., PARVIZ, SNIPERELLA**, and **DOES 1-100** refused to return the

17  sum of Three Hundred Thousand ($300,000.00) dollars to **AHMED**.

18  113.    The sum of Three Hundred Thousand ($300,000.00) dollars, plus prejudgment interest at the

19  legal rate from August 24, 2009, is due owing and unpaid to **AHMED**.

20  114.    On information and belief, the sum of $300,000.00 is now held by **VINCENT, PARVIZ, CMS,**

21  **INC., SNIPERELLA**, and **DOES 1-5**.

22

23

24

25

## EIGHTH CAUSE OF ACTION

## FRAUD AND DAMAGES

## BY AHMED AND BASHIR AGAINST VINCENT INDIVIDUALLY AND DOING BUSINESS

## AS CLIENT MANAGEMENT SERVICES, PARVIZ, CMS, INC., AND DOES 1-100..

26  115.    Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 114 of

27  this Complaint as though set forth in full herein.

28  116.    On or about August 18, 2009 Plaintiffs agreed to purchase a **MMD** registered with the City of

10/27 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

16

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1   Los Angeles before November 13, 2007, which **VINCENT** and **PARVIZ** represented was located at

2   4906 Melrose Avenue, Los Angeles, California 90029. At that time, **VINCENT** and **PARVIZ**

3   represented to AHMED that

4        a.      that **MQPR** was on the list of 186 dispensaries registered prior to November 13, 2007,

5   maintained by the City, and that

6        b.      **MQPR** had registered timely, and that

7        c.      **MQPR** had provided all necessary documentation required by the City of Los Angeles to

8   complete registration, and that

9        d.      **MQPR** was operated in compliance with all State and City law, and made legal profits,

10   that

11       e.      **VINCENT** was authorized, without further consent or authorization, to convey title to

12   **MQPR** and its operating assets.

13   117.   When **VINCENT** and **PARVIZ** made said representations, he knew them to be false, and made

14   them with the intent to induce plaintiff to purchase **MQPR**.

15   118.   Specifically, **VINCENT** and **PARVIZ** knew

16       a.      that **MQPR** was not on the list of 186 dispensaries registered before November 13, 2007,

17   maintained by the City, and that

18       b.      **MQPR** had not registered timely, and that

19       c.      **MQPR** had not provided necessary documentation required by the City of Los Angeles

20   to complete registration, and that

21       d.      **MQPR** was operated for profit, in violation of State and City law, and that

22       e.      **VINCENT** was not authorized to deliver, and did not delivery good title to **MQPR** and

23   its operating assets without further consent or authorization.

24   119.   Plaintiffs believed the statements of **VINCENT** and **PARVIZ** regarding the legal existence,

25   registration, operation, and sale of **MQPR**.

26   120.   Plaintiffs' inspection of the premises, and of the documents provided and furnished by

27   **VINCENT**, gave them no reason to believe that the statements made by **VINCENT** and **PARVIZ**

28   were false.

17

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

1    121.    VINCENT provided altered documents to AHMED to make it appear registration was

2    completed and supported by all requirements documents, and that MQPR INC. was a mutual benefit

3    corporation, and that VINCENT was authorized, without further consent or authorization, to convey

4    title to MQPR and its operating assets.

5    122.    On or about August 19, 2009, Plaintiffs and VINCENT, acting for himself and for PARVIZ,

6    and CMS, INC., executed a written purchase agreement.  A true and correct copy of this Purchase

7    Agreement is attached hereto as Exhibit 2 and is incorporated by reference and is referred to herein as

8    the MQPR PURCHASE AGREEMENT.  Under the terms of the MQPR PURCHASE

9    AGREEMENT, Defendants and each of them warranted in writing that MQPR was operating in

10   compliance with all laws of the State of California and all ordinances of the City of Los Angeles, was

11   registered by the City, was in compliance with the City of Los Angeles ICO, was on the list of 186

12   MMDs maintained by the City of Los Angeles, and that the operation of MQPR did not violate State or

13   City law.  Further, VINCENT warranted that he  was authorized, without further consent or

14   authorization, to convey title to MQPR and its operating assets.

15   123.    On or about October 27, 2009, Plaintiff discovered that MQPR was on a list of incomplete

16   registrations by MMDs maintained by the City of Los Angeles.

17   124.    On or about March 9, 2010 Plaintiffs discovered MQPR was not on the list of 186 MMDs

18   legally registered to operate in the City of Los Angeles.

19   125.    On March 24, 2010, Plaintiffs discovered the receipt for registration and supporting documents

20   provided by VINCENT were not true copies of the documents in the files of the City of Los Angeles,

21   and had been altered to make it appear registration was complete.

22   126.    Due to the fact that MQPR was not legally operated under the laws of the State of California

23   and the additional fact that MQPR was not on the list of 186 dispensaries registered prior to November

24   13, 2007, maintained by the City of Los Angeles, and the additional fact that VINCENT was not

25   authorized, without further consent or authorization, to convey title to MQPR and its operating assets.

26   Plaintiff has sustained damages in a sum not yet ascertained, but no less that Three Hundred and

27   Thousand ($300,000.00) dollars, plus no less than an additional Thirty Thousand ($30,000.00) Dollars

28   per month from August 24, 2009, plus interest at the legal rate from August 24, 2009.  Plaintiff will

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-6700

18
PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES

1    state the full amount of said damages in accordance with proof at the time of trial.

2    127.    In committing the acts described herein, Defendants and each of them have acted with

3    oppression, fraud, and malice within the meaning of *Civil Code* §3294, and have specifically retained

4    monies of **AHMED** and **BASHIR**, coerced **AHMED** to enter into the MMD Relocation Contract as

5    alleged herein, and defrauded **AHMED** and **BASHIR** into purchasing **MQPR** under false pretenses

6    known to **VINCENT** and **PARVIZ** to be false.  Further, **VINCENT**  induced the reliance and consent

7    of **AHMED** and **BASHIR** by representing he was a lawyer and a broker and that he had special

8    expertise in the creation and operation of **MMDs**, as alleged herein, and acted in derogation and

9    disregard of the property rights of Plaintiffs.  Further, **VINCENT** intentionally presented false

10   documents to **AHMED** and **BASHIR** with the intention **AHMED** and **BASHIR** rely on said false

11   documents.

12   128.    Defendants and each of them have gained the sum of Three Hundred Thousand ($300,000.00)

13   Dollars by fraud and mistake within the meaning of *California Civil Code* §2224, and Plaintiffs seek the

14   additional remedy of imposing a constructive trust on the property of Defendants and each of them,

15   pursuant to *California Civil Code* §2224.

16   129.    Plaintiffs hereby seek punitive damages in a sum sufficient to punish  Defendants and each of

17   them for said conduct, and in a sum sufficient to deter Defendants and each of them from said conduct

18   in the future.  Said sum is presently not ascertained, and Plaintiff will state said sum in accordance with

19   proof to be shown at the time of the trial of this action.

20           WHEREFORE, Plaintiff demands judgment against Defendants as follows:

21   1.      For restitution of the sum of $350,000.00, including $50,000.00 on the First and Fourth Causes

22   of Action, and $300,000.00 on the Seventh Cause of Action

23   2.      For compensatory damages in a sum in accordance with proof at the time of trial;

24   3.      For interest at the rate of ten (10%) per annum on said sums, from August 6, 2009.

25   4.      For punitive damages on the Eighth Cause of Action in accordance with proof at the time of

26   trial.

27   ///

28   ///

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

**19**
**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

1    5.    For costs of suit incurred herein; and

2    6.    For such further relief as the court considers proper.

3

4    Dated:                                    STANLEY H. KIMMEL, ESQ., P.C.

5

6                                              By: _____
                                                   Stanley H. Kimmel, Attorney for Plaintiff
7                                                  Abdul Ala AHMED and Robina Bashir

8

9

10

11

12    M:\Data\Ahmed, Abdul\re MPQR purchase\Pleadings\Complaint Rescission rev 4 26 10.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10727 White Oak Avenue, Suite 202
Granada Hills, California 91344
Phone (818) 832-5700

20

**PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES**

EXHIBIT 1



## PURCHASE AGREEMENT

AGREEMENT made this __6__ day of August, 2009, between Susan Nickell Owner – Roscoe Compassionate Collective, Inc.(hereinafter referred to as "Seller") having its principal place of business at 20943 Roscoe Blvd, Canoga Park, Ca 91304., and Abdul Ahmed (hereinafter referred to as "Buyer").

### I.

Seller is hereby selling and Buyer is hereby purchasing the following assets ("Assets") of Seller at the price, terms and conditions hereinafter set forth:

A. All rights, title and interest in and to the name Roscoe Compassionate Collective, Inc. and its license to operate under California State Law.
B. All of Seller's exclusive customers.
C. Any and all equipment for the purpose of operating said business i.e, Office furniture, couches, desks, retail registers, display cabinets, (Itemized list Attached and marked as Exhibit 'A").

### II.

Buyer and Seller hereby agrees to the following terms and conditions hereinafter set forth in exchange for the aforementioned assets:

A. $375,000 to Seller payable in three installments ($50,000 down-payment paid upon execution of this Agreement; $150,000 to be paid upon transfer of corporate entity and; and final $175,000 and to be paid upon turn-key delivery of shop to seller with employees and 2 pounds of inventory/medicine in place).
B. The above payments are all to occur no later than Aug 31, 2009.
C. Vincent Mehdizadeh shall make himself available as a consultant to Buyer for a period of 6 months after execution of this agreement. Buyer may employ Mr. Mehdizadeh for additional 6 month terms at $5000 per term, upon Buyer and Mr. Mehdizadeh's discretion.

### III.

Buyer and Seller hereby represent as follows:

A. This Agreement is a legal, valid and binding obligation of the Buyer and Seller respectively.
B. Seller is a California corporation having been duly incorporated under the laws of the State of California and have the authority to execute this Agreement and all documents pursuant thereto.
C. Seller shall not assign its obligations hereunder nor will it take any action such as liquidation, dissolution or merger to avoid its obligations hereunder.
D. All of the warranties and representations of both Buyer and Seller shall survive closing of this contract.
E. In addition to the foregoing, Seller is hereby signing and delivering all other documents necessary to effectuate the transfer of the ownership of the Assets being sold hereby and if any additional documents are necessary to complete said transfer, Seller agrees to sign same.
F. The invalidity or unenforceability of any particular provision of this Agreement shall not affect other provisions hereof and this Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted.

G. This writing is intended by the parties as a final expression of their agreement and is intended also as a complete and exclusive statement of the terms of their agreement. No course of prior dealings between the parties and no usage of the trade shall be relevant to supplement or explain any term used in this Agreement.

H. This Agreement can be modified or rescinded only by a writing by both parties or their duly sworn authorized agents.

I. No claim or right arising out of the breach of this Agreement can be discharged in whole or in part by a waiver or renunciation of such claim or right unless the waiver or renunciation is in writing signed by the aggrieved party.

J. This Agreement shall inure to the benefit of and be binding upon the parties named herein as the Seller and the Buyer and, except as heretofore provided, to their respective successors, assigns, heirs, executors, legal representatives and administrators.

K. This Agreement shall be executed simultaneously in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and this Agreement shall be construed under the laws of the State of California.

L. All notices hereunder shall be sent by certified mail, return receipt requested, as follows:

Seller:                                          Buyer:

Roscoe Compassionate Collective, Inc.            Abdul Ahmed

20943 Roscoe Blvd.

Canoga Park, Ca 91304


IN WITNESS WHEREOF the parties hereto have set their hands and seals the day and year first above written.

CONSENTED AND AGREED TO:

Seller -- Susan Nickell / Roscoe Compassionate Collective, Inc.

By and through it's Agent for specific purpose of business sale, Vincent Mehdizadeh

Buyer -- Abdul Ahmed

# EXHIBIT "A" LIST OF FURNISHINGS INCLUDED WITH PURCHASE

1. Any and all office furnishings, fixtures, desks, computers, plants, paintings, security cameras, alarm, DVR system, and 1 Safe.

2. Any and all other items physically present in store.

3. Any and all Patient files for Roscoe Compassionate Collective, Inc. (3000 patients total)

EXHIBIT 2

08/19/2009   01:49    16265751044              G_R_BABCOCK                    PAGE  05/05

## CLIENT MANAGEMENT SERVICES
6700 Fallbrook Ave. Suite 289
West Hills, Ca 91307
### REPRESENTATIVE-CLIENT FEE CONTRACT
August 19, 2009

The undersigned Client hereby employs the CLIENT MANAGEMENT SERVICES, hereinafter, "CMS" to represent Client in: Assistance in securing of a location; Formation of new corporate entity with the State of California; Obtaining of Seller's Permit from the Board of Equalization and tax registration (Premoratorium Business License); Filing of all required paperwork within the City of Los Angeles regarding operation of a medical marijuana dispensary. Purchasing and implementation of any and all required materials necessary to operate medical marijuana dispensary, including, furniture, fixtures, display cabinets, security system, alarm system, etc.

1.      **CONDITIONS.** *This agreement will not take effect, and CMS will have no obligation to provide services, until Client return a signed copy of this agreement with the retainer and cost deposit.*
2.      **CLIENT'S DUTIES.** Client agrees to cooperate, to keep me informed of developments, to abide by this agreement.
3.      **FEES.** Client shall pay a *retainer of $50,000.* The above amount represents full and final payment for services alluded to above, including all filing fees. In the event that CMS cannot perform any of the conditions listed in this agreement, Client shall receive a full refund of all fees paid.
4.      **EFFECTIVE DATE.** This agreement will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date CMS first performed services. Even if this agreement does not take effect, Client will be obligated to pay me the reasonable value of any services CMS may have performed for Client.

Dated: August 19, 2009                          CLIENT MANAGEMENT SERVICES

                              By:           _____
                                            P. VINCENT MEHDIZADEH

Dated: August 19, 2009        By:           _____
                                            **Abdul Ahmed**

Ex. "D"

EXHIBIT 3

**Client Management Services, Inc.**
6700 Fallbrook Ave. Suite 289
West Hills, Ca 91307
Receipt for Services
August 20, 2009

Name: Abdul Ahmed
Amount Paid: $50,000 paid of $50,000 Contract dated August 19, 2009

Contract for Services relative to Turn-Key Store Setup

Dated: August 20, 2009                    CLIENT MANAGEMENT SERVICES

                        By:

                                P. VINCENT MEHDIZADEH

EXHIBIT 4

## PURCHASE AGREEMENT

AGREEMENT made this __19__ day of August, 2009, between Melrose Quality Pain Relief, Inc..(hereinafter referred to as "Seller") having its principal place of business at 4906 Melrose Ave., Los Angeles, Ca 90029., and Abdul Ahmed 1365 N.Shirlmar Avenue, San Dimes, Ca 91773 /Robina Bashir 65 Randall Avenue, Markham, Ontario L3S 1E1 canada (hereinafter referred to as "Buyer").

### I.

Seller is hereby selling and Buyer is hereby purchasing the following assets ("Assets") of Seller at the price, terms and conditions hereinafter set forth:

A. All rights, title and interest in and to the name Melrose Quality Pain Relief, Inc. and its license to operate under California State Law as well as the City of Los Angeles ICO Registration.

B. Right, title, and interest in MQPR's database of current patients (3500 total).

C. Any and all equipment for the purpose of operating said business i.e. Office furniture, couches, desks, retail register, display cabinets, security system, alarm, safe, etc. shall be provided to Seller within the contract price (itemized list Attached and marked as Exhibit "A").

D. Seller shall transfer interest in Corporation and Lease to Buyer (copy of current business registration, and ICO Registration Documents and Lease attached and marked as Exhibit "B").

### II.

Buyer and Seller hereby agrees to the following terms and conditions hereinafter set forth in exchange for the aforementioned assets:

A. $500,000 to Seller payable in three installments ($50,000 down-payment paid upon execution of this Agreement; $150,000 to be paid upon transfer of corporate entity and; and final $100,000 and to be paid upon turn-key delivery of shop to seller with employees and 2 pounds of inventory/medicine in place).

B. Vincent Mehdizadeh shall make himself available as a consultant to Buyer for a period of 6 months after execution of this agreement. Buyer may employ Mr. Mehdizadeh for additional 6 month term(s) upon Buyer and Mr. Mehdizadeh's discretion.

### III.

Buyer and Seller hereby represent as follows:

A. This Agreement is a legal, valid and binding obligation of the Buyer and Seller respectively.

B. Seller is a California corporation having been duly incorporated under the laws of the State of California and have the authority to execute this Agreement and all documents pursuant thereto.

C. Seller shall not assign its obligations hereunder nor will it take any action such as liquidation, dissolution or merger to avoid its obligations hereunder.

D. All of the warranties and representations of both Buyer and Seller shall survive closing of this contract.

E. In addition to the foregoing, Seller is hereby signing and delivering all other documents necessary to effectuate the transfer of the ownership of the Assets being sold hereby and if any additional documents are necessary to complete said transfer, Seller agrees to sign same.

E(a.)  THE SELLER SHALL PROVIDE AN INDEMNITY TO THE BUYER WITH RESPECT TO AL THE TAXES PAYABLE, ACCOUNTS PAYABLE AND OTHER LEGAL LIABILITIES, WHICH ARE THE RESPONSIBILITY OF THE SELLER UP TO THE DATE OF CLOSING

BUYER                    BUYER                              SELLER

2009 4:01PM                                    8185934239                        P.2

F. The invalidity or unenforceability of any particular provision of this Agreement shall not affect other provisions hereof and this Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted.

G. This writing is intended by the parties as a final expression of their agreement and is intended also as a complete and exclusive statement of the terms of their agreement. No course of prior dealings between the parties and no usage of the trade shall be relevant to supplement or explain any term used in this Agreement.

H. This Agreement can be modified or rescinded only by a writing by both parties or their duly sworn authorized agents.

I. No claim or right arising out of the breach of this Agreement can be discharged in whole or in part by a waiver or renunciation of such claim or right unless the waiver or renunciation is in writing signed by the aggrieved party.

J. This Agreement shall inure to the benefit of and be binding upon the parties named herein as the Seller and the Buyer and, except as heretofore provided, to their respective successors, assigns, heirs, executors, legal representatives and administrators.

K. This Agreement has executed simultaneously in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and this Agreement shall be construed under the laws of the State of California.

L. Seller warrants that Corporation is in good standing in the State of California, has no liabilities, and is free and clear of any indebtedness or incumbrances.

M. All notices hereunder shall be sent by certified mail, return receipt requested, as follows:

Seller:                                        Buyer:

Vincent Mehdizadeh                             Abdul Ahmed / Robina Bashir

6700 Fallbrook Ave. Suite 289                  1365 N.Shirlmar Avenue

West Hills, Ca 91307                           San Dimas, Ca 91773


IN WITNESS WHEREOF the parties hereto have set their hands and seals the day and year first above written.

CONSENTED AND AGREED TO:

Seller – Vincent Mehdizadeh – Melrose Quality Pain Relief, Inc.

Buyer – Abdul Ahmed

Buyer – Robina Bashir

Aug 19 2009 4:01PM                    8185934230                    p.3

# EXHIBIT "A" LIST OF FURNISHINGS INCLUDED WITH PURCHASE

1. Any and all office furnishings, fixtures, desks, computers, plants, paintings, security cameras, alarm, DVR system, and 1 Safe.

2. Any and all other items pyhsically present in store.

3. Any and all Patient Files for Melrose Quality Pain Relief, Inc (3500 total)

BUYER 

Buyer 

Seller 

# EXHIBIT "B" LIST OF PERTINENT DOCUMENTS

1. Receipt for current taxes paid to the City of Los Angeles for MQPR, Inc. and active business license within the City of Los Angeles as a Medical Marijuana Dispensary.

2. Registration Documents submitted to the City of Los Angeles , including, City Business License, BOE Seller's Permit.

3. MQPR, Inc. Profit and Loss Statements for May through July 2009

4. MQPR Federal Tax ID Designation

5. MQPR Updated Seller's Permit

6. Articles of Incorporation for MQPR, Inc.

7. Verification from California Secretary of State that the Corporation is in good standing.

8. Fictitious Business Name Statement designating that MQPR, Inc. is also known as Discount Patient Access Center. (Prior owner was using that trade name for marketing purposes)

9. Copy of Lease with the Landlord

Buyer 

Buyer 

Seller 

EXHIBIT 5

**Client Management Services, Inc.**
6700 Fallbrook Ave. Suite 289
West Hills, Ca 91307
Receipt for Business Purchase
August 20, 2009

Name: Abdul Ahmed
Amount Paid: $150,000 paid of $300,000

Purchase of Melrose Quality Pain Relief

Dated: August 20, 2009                    CLIENT MANAGEMENT SERVICES

                          By:

                                          P. VINCENT MEHDIZADEH

1

## VERIFICATION.

2

3   STATE OF CALIFORNIA,        )
    COUNTY OF LOS ANGELES )     ss:

4

        I have read the foregoing PLAINTIFFS' COMPLAINT FOR
5       1.      MONEY HAD AND RECEIVED  RE RCC PURCHASE AGREEMENT; AND
        2.      BREACH OF CONTRACT RE MDD RELOCATION AGREEMENT; AND
6       3.      RESCISSION ETC.: RE MMD RELOCATION AGREEMENT, AND
        4.      MONEY HAD AND RECEIVED RE MMD RELOCATION AGREEMENT;
7       5.      BREACH OF CONTRACT RE MQPR PURCHASE AGREEMENT; AND
        6.      RESCISSION RESTITUTION AND DAMAGES RE MQPR PURCHASE AGREEMENT; AND
8       7.      MONEY HAD AND RECEIVED RE MQPR PURCHASE AGREEMENT; AND
        8.      FRAUD AND DAMAGES – RE MQPR PURCHASE AGREEMENT and know its contents.

9
    I am XX a party to this action. The matters stated in the foregoing document are true of my own
10  knowledge except as to those matters which are stated on information and belief, and as to those
    matters, I believe them to be true.
11
    OR
12
    I am ___ an officer, a Partner, a        of a party to this action, and I am authorized to make this
13  verification for and on its behalf, and I make this verification for
    that reason.
14

15  OR

    I am ___ one of the attorneys for a party to this action. Such party is absent from the county of
16  aforesaid where such attorneys have their offices, and I make this verification for and on behalf of
    that party for that reason. I am informed and believe and on that ground allege that the matters
17  stated in the foregoing document are true.

18
    I am informed and believe and on that ground allege that the matters stated in the foregoing
19  document are true.

20  The matters stated in the foregoing document are true of my own knowledge except as to those
    matters which are stated on information and belief, and as to those matters, I believe them to be
21  true.

22      I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct, and that this declaration is made at Los Angeles, California
23

24              _Abdul Ala_        4-26-2010
25              ABDUL ALA AHMED

26
    M:\Data\Ahmed, Abdul\re MQPR purchase\Pleadings\Complaint Rescission rev 4.26 10.wpd
27

28

    PLAINTIFFS' COMPLAINT FOR RESCISSION AND RESTITUTION AND DAMAGES
Law offices of Aftergood & Associates

Exhibit 2

AT-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stanley H. Kimmel, Esq., P.C.    077007<br>Stanley H. Kimmel, Esq., P.C.<br>10727 White Oak Ave., Suite 202<br>Granada Hills, CA 91344 | **ORIGINAL FILED**<br><br>JUL 1 - 2010<br><br>LOS ANGELES<br>SUPERIOR COURT |

TELEPHONE NO: 818-832-5700   FAX NO: 818-832-5706
ATTORNEY FOR *(Name):* Plaintiff ABDUL ALA AHMED
NAME OF COURT: Superior Court/County of Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF: Abdul Ala Ahmed, Robina Bashir

DEFENDANT: PEJMAN MEHDIZADEH aka
VINCENT P. MEHDIZADEH, etc., et al.

[X] RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF
ATTACHMENT AFTER HEARING
[ ] ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER
HEARING

CASE NUMBER:
BC436823

1. a. The application of plaintiff *(name):* Abdul Ala Ahmed and Robina Bashir
   for [X] a right to attach order and order for issuance of writ of attachment
   [ ] an order for issuance of additional writ of attachment
   against the property of defendant *(name):* SNIPERELLA INVESTMENTS, INC, a California Corporation
   came on for hearing as follows:
   (1) Judge *(name):* Hon. Barbara A. Meiers
   (2) Hearing date: 07/01/2010  Time: 9:30 a.m.  [X] Dept.: 12  [ ] Div.:  [ ] Rm.:
   b. The following persons were present at the hearing:
   (1) [X] Plaintiff *(name):* ABDUL ALA AHMED  (3) [X] Plaintiff's attorney *(name):* Stanley H. Kimmel
   (2) [ ] Defendant *(name):*  (4) [ ] Defendant's attorney *(name):*

**FINDINGS**

2. THE COURT FINDS
   a. Defendant *(specify name):* SNIPERELLA INVESTMENTS, INC.  is a  [ ] natural person  [ ] partnership
      [ ] unincorporated association  [X] corporation  [ ] other *(specify)*
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. [X] Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. [ ] The following property of defendant, described in plaintiff's application
      (1) [ ] is exempt from attachment *(specify)*:

      (2) [ ] is not exempt from attachment *(specify)*:

   h. [ ] The following property, not described in plaintiff's application, claimed by defendant to be exempt
      (1) [ ] is exempt from attachment *(specify)*:

      (2) [ ] is not exempt from attachment *(specify)*:

   i. [ ] An undertaking in the amount of: $ 10,000.00  is required before a writ shall issue, and plaintiff
      [ ] has  [X] has not  filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date):*  pursuant to
      [ ] Code of Civil Procedure section 484.090 (on hearing)  [ ] Code of Civil Procedure section 485.220 (ex parte)
   k. [ ] Other *(specify):*

*(Continued on reverse)*

Form Approved for Optional Use
Judicial Council of California
AT-120 [Rev. January 1, 2000]

ESSENTIAL FORMS

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER
FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

Code of Civil Procedure,
§§ 482.030, 484.090

Ahmed v. Mehdizadeh

| SHORT TITLE: Ahmed et. al. v. Mehdizadeh et. al. | CASE NUMBER: BC436823 |

### ORDER

3. THE COURT ORDERS

a. Plaintiff has a right to attach property of defendant *(name):* SNIPERELLA INVESTMENTS, INC.
in the amount of: $  360,000.00

b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.

c. The clerk shall issue  ☒ a writ of attachment  ☐ an additional writ of attachment    in the amount stated in item 3a
☐ forthwith  ☐ upon the filing of an undertaking in the amount of: $
  (1) ☒ for any property of a defendant who is not a natural person for which a method of levy is provided.
  (2) ☐ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil
    Procedure section 487.010, described as follows *(specify):*

  (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale
    of such property, described as follows *(specify):*

  (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license
    number is *(specify):*

d. ☒ Defendant shall transfer to the levying officer possession of

  (1) ☒ any documentary evidence in defendant's possession of title to any property described in item 3c;
  (2) ☒ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
  (3) ☐ the following property in defendant's possession *(specify):*

> NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO
> ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.

e. ☐ Other *(specify):*

f. Total number of boxes checked in item 3: _____

Date: July  /  2010

Hon. Barbara A. Meiers _____
(TYPE OR PRINT NAME)

▶ *Hon. Barbara A. Meiers*
(SIGNATURE OF JUDGE OR COMMISSIONER)

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER
FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

Ahmed v. Mehdizadeh

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Law Offices of Stanley H. Kimmel, Esq., PC<br>10727 White Oak Avenue, Suite 202<br>Granada Hills, California 91344<br><br>**RECEIVED**<br>**NOV 17 2010**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk<br><br>*Attorney for Plaintiff* Abdul Ahmed, Robina Bashir | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: PEJMAN V. MEHDIZADEH | CHAPTER 7 |
|---|---|
| | CASE NUMBER  2:10-bk-36936-ER |
| Debtor. | ADVERSARY NUMBER |
| ABDUL AHMED, ROBINA BASHIR<br><br><div align="right">Plaintiff(s),</div> | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br>PEJMAN V. MEHDIZADEH<br><br><div align="right">Defendant(s).</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**          ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**      ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                    **F 7004-1**

| *Summons and Notice of Status Conference  - Page 2* | **F 7004-1** |

| In re<br>PEJMAN V. MEHDIZADEH | (SHORT TITLE) | CASE NO.: 2:10-bk-36936-ER |
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** <u>(indicate method for each person or entity served)</u>:
On _____   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(indicate method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____   I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____      _____      _____
*Date*                *Type Name*                    *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7004-1**